# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESUS M. GARCIA | No. 3:14-CV-2214 |
| Petitioner, | |
| v. | (JUDGE CAPUTO) |
| COMMONWEALTH OF PENNSYLVANIA, *ET AL.* | (MAGISTRATE JUDGE ARBUCKLE) |
| Respondents. | |

## **MEMORANDUM**

Presently before me is Magistrate Judge Arbuckle's Report and Recommendation (Doc. 22) to the Petition for Writ of Habeas Corpus filed by Petitioner Jesus M. Garcia ("Petitioner") pursuant to 28 U.S.C. § 2254 (Doc. 1). For the reasons that follow, the Magistrate Judge's recommendation to deny the Petition for Writ of Habeas Corpus will be adopted.

## **I. Background**

As set forth in greater detail in Magistrate Judge Arbuckle's Report and Recommendation, on November 6, 2008, Petitioner was convicted of four (4) counts of unlawful delivery of a controlled substance, two (2) counts of criminal conspiracy, one (1) count of criminal use of a communication facility, one (1) count of corrupt organizations, and one (1) count of corrupt organizations conspiracy in a jury trial. Petitioner's counsel filed a Post-Trial Motion for a Hearing on Alleged Tainted Jury, which was granted on December 15, 2008, but ultimately the trial court did not find evidence of juror misconduct. Petitioner was subsequently sentenced to twenty-five (25) to fifty-two (52) years in prison on January 28, 2009.

On March 20, 2009, Petitioner's counsel filed a direct appeal to the Pennsylvania Superior Court, which granted relief insofar as it found the trial court exceeded the maximum sentence for Counts II, IV, and V, vacated Petitioner's sentence and

remanded the case for re-sentencing. Petitioner was re-sentenced to twenty-five (25) to forty (40) years in prison on May 5, 2010. Petitioner's counsel challenged this new sentence, which was affirmed by the Superior Court on May 9, 2011. Petitioner's counsel then filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court which was denied on April 10, 2012.

Petitioner, represented by new counsel, then filed a petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), which was denied on all counts by the Lebanon County Court of Common Pleas on March 13, 2013. On April 11, 2013, Petitioner appealed this decision to the Superior Court, who affirmed the lower court's decision on February 18, 2014. Petitioner then filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, which was denied on September 10, 2014.

On November 18, 2014, Petitioner filed the instant § 2254 Petition. On September 14, 2018, Magistrate Judge Arbuckle issued the Report and Recommendation recommending that the Petition be dismissed because Petitioner has not shown entitlement to relief on any claim raised. (Doc. 22). Petitioner timely filed objections to the Report and Recommendation on September 24, 2018. (Doc. 23). No response to the objections has been filed and the time for doing so has passed. Therefore, this matter is ripe for disposition.

## II. Legal Standards

**A.  Standard of Review of Objections to a Report and Recommendation**

When objections to the magistrate judge's Report are filed, the court must conduct a *de novo* review of the contested portions of the Report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)). However, this only applies to the extent that a party's objections are both timely and specific; if objections are merely "general in nature," the court "need not conduct a *de novo* determination." *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). Indeed, the Third Circuit has instructed that "providing a complete *de novo* determination where only a

2

general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." *Id*. at 7. In conducting a *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Uncontested portions of the Report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g.*, *Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**B.  Habeas Corpus Relief**

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827 (1973). As Petitioner's conviction became final after 1996, his case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996) ("AEDPA"). Habeas relief is only available on the grounds that a petitioner's judgment of sentence or confinement violates federal law. 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 5, 131 S.Ct. 13 (2010) (*per curiam*). State law claims are not remediable on federal habeas review, even if state law was erroneously interpreted or applied. *Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S.Ct. 859 (2011)(citations omitted); *see also Glenn v. Wynder*, 743 F.3d 402, 407 (3d Cir. 2014) (quoting *Estelle v. McGuire*, 502 U.S. 67-68, 112 S.Ct. 475 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")).

### III. Discussion

Petitioner objects only to the Magistrate's findings pertaining to Ground Nine of his habeas petition. (Doc. 23 at 2). Because Petitioner does not object to the Magistrate Judge's finding that the state court determinations on which grounds one

through eight of the Petition rest were not contrary to, or unreasonable applications of, clearly established federal law, or unreasonable applications of the facts, and finding that this recommendation is not clearly erroneous, the uncontested portions of the Report and Recommendation will be adopted. However, because of Petitioner's objection to the Magistrate Judge's findings in Ground Nine, I will address Ground Nine of the Petition *de novo*. Petitioner objects to Magistrate Judge Arbuckle's Ground Nine findings for the following reasons: (1) the claims in Ground Nine were not procedurally defaulted because they were exhausted, or if procedurally defaulted, are excused and (2) Magistrate Judge Arbuckle considered only the Commonwealth's evidence and not the entire trial court record in drawing his conclusion that Petitioner's Sixth Amendment right to effective assistance of trial counsel was not violated. (Doc. 23 at 3-5).

In Ground Nine of his Petition, Petitioner levels ineffective assistance of counsel claims against "all counsel"—trial counsel, direct appeal counsel, and PCRA counsel. (Doc. 3 at 50). In particular, Petitioner challenges the performance of trial counsel as ineffective for failing to obtain impeachment evidence, failing to challenge the voice identifications made on the tapes played to the jury at trial, failing to call character witnesses, and failing to meaningfully consult with Petitioner about his case in light of Petitioner's difficulty with the English language. (Doc. 3 at 52-53). Additionally, Petitioner challenges the performance of his direct appeal counsel as ineffective for failing to timely raise two of his alleged constitutional injuries: (1) ineffective assistance of trial counsel by failing to meaningfully consult with Petitioner and (2) failure by the Commonwealth to provide *Brady* material. (Doc. 3 at 53). Lastly, Petitioner challenges the performance his PCRA counsel in appealing the Court of Common Pleas' findings on just two of Petitioner's five claims from his initial PCRA proceeding. (Doc. 3 at 53-54).

**A.    Exhaustion**

Pursuant to the exhaustion rule, codified at 28 U.S.C. § 2254(b)(1)(A), a federal district court may not grant a habeas petition filed on behalf of "a person in custody pursuant to the judgment of a [s]tate court" unless "the applicant has exhausted the remedies available in the courts of the [s]tate" before raising them in a federal habeas action. 28 U.S.C. § 2254(b)(1)(A); *Harrington v. Richter*, 562 U.S. 86, 103, 131 S.Ct. 770 (2011); *Munchinski v. Wilson*, 694 F.3d 308, 332 (3d Cir. 2012). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

To exhaust all remedies for a claim under 28 U.S.C. § 2254, a habeas petitioner must give state courts a full and fair opportunity to resolve all federal "constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 525 U.S. 838, 835, 119 S.Ct. 1728 (1992). A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts. To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). "[A] state habeas petitioner must present the 'substantial equivalent' of his federal claim to the state courts in order to give the state courts 'an opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" *Collins v. Sec'y of Pa. Dep't Corr.*, 742 F.3d 528, 543 (3d Cir. 2014) (quoting *Picard v. Connor*, 404 U.S. 270, 277-78, 92 S.Ct. 509 (1971)).

A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in courts fo the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2554(c). The petitioner has the burden of establishing that the exhaustion requirement has been met. *Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir. 2005).

5

Here, Petitioner failed to exhaust his ineffective assistance of trial counsel claims. The March 13, 2013 decision by the Court of Common Pleas suggests Petitioner's counsel raised the issue of his inability to meaningfully consult with trial counsel claim in the original PCRA petition filed on April 30, 2012, but did not include this claim in the amended PCRA petition filed on September 12, 2012. (Doc. 3 at 61 n.6). Accordingly, this claim has not been exhausted. While Petitioner's PCRA counsel raised trial counsel's failure to obtain impeachment evidence, failure to challenge voice identifications, and failure to call character witnesses in the amended PCRA petition before the Court of Common Pleas, these claims were not pursued on appeal to the Superior Court. (Docs. 3 at 61, 71; 16-38 at 20). These claims are therefore unexhausted as well.

Petitioner's ineffective assistance of counsel claims against his direct appeal and PCRA counsel were not raised at any point during his state proceedings and are therefore unexhausted as a result. To the extent Petitioner raises a *Brady* claim in Ground Nine separate from his ineffective assistance counsel claims, it is unexhausted as well because it was raised only in the original PCRA petition and subsequently excluded from the amended PCRA petition and all further proceedings. (Doc. 3 at 61 n.6).

## B. Procedural Default

A claim is procedurally defaulted when it "has not been fairly presented to the state courts (i.e. is unexhausted) and there are no additional state remedies available to pursue; or, when an issue is properly asserted in the state court system but not addressed on the merits because of an independent and adequate state procedural rule." *Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir. 2012) (citations omitted). All of Petitioner's claims in Ground Nine are procedurally defaulted because they are unexhausted.

A federal court cannot review the merits of procedurally defaulted claims unless either: (1) "cause" for the procedural default and "actual prejudice" results from the

alleged violation of federal law; or (2) failure to consider the claims will result in a "fundamental miscarriage of justice."[1] *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587 (2000); *see also Wenger v. Frank*, 266 F.3d 218, 223-24 (3d Cir. 2001). To establish "cause," a petitioner must establish that "some objective factor external to the defense" impeded his ability to raise the claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986). While under *Coleman v. Thompson*, 501 U.S. 722, 752-53, 111 S.Ct. 2546 (1991), the United States Supreme Court held that an attorney's negligence in a post-conviction proceeding does not create "cause" for excusing procedural default, it has recognized a limited exception to this rule in *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309 (2012) and *Trevino v. Thaler*, 569 U.S. 413, 133 S.Ct. 1911 (2013). The Supreme Court's rulings in *Martinez* and *Trevino* held that, under some circumstances, ineffective assistance of counsel can provide cause to excuse procedural default. In *Martinez*, the Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 566 U.S. at 18, 132 S.Ct. 1309; *see also Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014). The Supreme Court subsequently expanded the *Martinez* exception in *Trevino*, holding that where a "state['s] procedural framework, by reason of its design

---

[1] This narrow exception is confined to cases of actual innocence as compared to legal innocence, under which "[a] petitioner asserting actual innocence . . . must rely on 'reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" not presented at trial. *Munchinski v. Wilson*, 694 F.3d 309, 377-78 (3d Cir. 2012) (citing *Schulp v. Delo*, 513 U.S. 298, 325, 115 S.Ct. 851 (1995)); *see also McQuiggin v. Perkins*, 569, U.S. 383-392-93, 133 S.Ct. 1294 (2013). Here, Petitioner's assertion of actual innocence, which he claims is demonstrated by his "sentence [as] a product of concealment of evidence the denial to due process, [and] the right to full and fair access to the courts in violation of the Constitution of the Commonwealth of Pennsylvania or laws of the United States" provides no new facts or evidence and therefore does not qualify within this narrow exception. (Doc. 3 at 54-55).

and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of counsel on direct appeal, [the] holding in *Martinez* applies." *Trevino*, 569 U.S. at 429, 133 S.Ct. 1911. To emphasize the limited application of this exception, the Supreme Court has specifically directed that it does not apply to claims of ineffective assistance of appellate counsel. *Davila v. Davis*, 137 S.Ct. 2058, 2066 (2017); *see also Richardson v. Superintendent Coal Twp. SCI*, 905 F.3d 750, 761 (3d Cir. 2018) ("[P]risoners who want to challenge the ineffectiveness of their *appellate* counsel on federal habeas cannot turn to *Martinez*.").

Accordingly, where state law requires a prisoner raise ineffective assistance of counsel claims in a collateral proceeding, procedural default will be excused under the *Martinez-Trevino* exception when the following conditions are met: (1) "the default was caused by ineffective assistance of counsel or the absence of counsel";[2] (2) the default occurred "in the initial-review collateral proceeding (i.e., the first collateral proceeding in which the claim could be heard)"; and (3) "the underlying claim of trial counsel ineffectiveness is 'substantial,' meaning 'the claim has some merit,' analogous to the substantiality requirement for a certificate of appealability."[3]  *Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014) (quoting *Martinez*, 566 U.S. at 13-16, 132 S.Ct. at 1318-20).

### 1. Ineffective Assistance of Direct Appeal Counsel

Under Pennsylvania law, ineffective assistance of trial counsel claims are

---

[2] This condition goes to the "cause" inquiry for excusing procedural default. To show cause under the *Martinez-Trevino* exception, the petitioner must demonstrate that collateral review counsel was not appointed or was ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 695, 104 S.Ct. 2052 (1984). *Martinez*, 566 U.S. at 14, 132 S.Ct. at 1318.

[3] This condition goes to the "actual prejudice" injury for excusing procedural default.

8

deferred to PCRA review, subject to limited exceptions which do not apply in the instant scenario. *See Pennsylvania v. Holmes*, 79 A.3d 562, 583 (Pa. 2013) ("The new rule in *Martinez* fits into the Pennsylvania review paradigm as follows. As a result of the terms of the PCRA . . . claims of ineffective assistance of trial counsel in Pennsylvania are generally deferred to PCRA review and generally are not available on direct appeal."). Because Petitioner's direct appeal counsel would not have been able to raise the ineffective assistance of trial counsel claim for failure to meaningfully consult with Petitioner on direct appeal, Petitioner's claim of ineffective assistance of direct appeal counsel for failure to raise this issue is outside the scope of the *Martinez-Trevino* exception and therefore unexcused.

Petitioner's other claim against his direct appeal counsel—failure to challenge the alleged *Brady* violation—is also beyond the scope of the *Martinez-Trevino* exception, as it is not based on an underlying ineffective assistance of trial counsel claim. Because neither of Petitioner's procedurally defaulted claims against his direct appeal counsel are excused under *Martinez-Trevino*, they will be dismissed.

### 2. Ineffective Assistance of PCRA Counsel

PCRA counsel raised five (5) issues before the Court of Common Pleas in support of Petitioner's PCRA Petition:

(1) Whether trial counsel was ineffective for failing to obtain impeachment evidence against Caesar Jaen?
(2) Whether the Commonwealth knowingly elicited testimony it knew was false in the form of Cesar [*sic*] Jaen, namely the testimony that Mr. Garcia rather than Mr. Jaen was the head of the drug ring?
(3) Whether trial counsel was ineffective for failing to challenge the voice identifications made with respect to tapes played for the jury?
(4) Whether trial counsel was ineffective for failing to call character witnesses?
(5) Whether the Commonwealth used illegal evidence against him in the form of an illegal wiretap?

(Doc. 3 at 61-62). The Court of Common Pleas concluded "none of the arguments proffered by the Defendant entitle him to relief." (*Id.* at 69). In her appeal brief to the Superior Court, Petitioner's PCRA counsel raised only the following two issues: (1)

9

"whether trial counsel was ineffective for failing to object to the introduction of illegally-obtained wiretap evidence, by the Commonwealth, which ultimately led to Defendant's conviction" and (2) "whether trial counsel was ineffective for failing to object to the Commonwealth's introduction of confidential informant's testimony where the Commonwealth knowingly elicited false testimony therefrom." (Docs. 16-34 at 9; 16-38 at 20).

Petitioner argues his procedurally defaulted claim about his PCRA counsel is excused because of PCRA counsel's failure to raise the other three (3) claims on appeal that were raised in the initial-review PCRA proceeding constitutes ineffective assistance of counsel under *Martinez-Trevino*. However, because his claim alleges his PCRA counsel's ineffective assistance occurred during an appeal from the initial PCRA proceeding rather than the initial proceeding itself, this procedurally defaulted claim is not excusable under the *Martinez-Trevino* exception. *See Norris v. Brooks*, 794 F.3d 401, 404 (3d Cir. 2015) ("[T]he Court stated that the [*Martinez*] exception applies only to attorney error in initial-review collateral proceedings, not appeals from those proceedings."); *Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014) (requiring a prisoner to show "the default was caused by ineffective assistance of post-conviction counsel or the absence of counsel [] in the initial-review collateral proceeding"). Petitioner's ineffective assistance of PCRA counsel claim is therefore not excusable under *Martinez-Trevino* and will therefore be dismissed.

## IV. Conclusion

For the above stated reasons, the Petition for Writ of Habeas Corpus will be dismissed. Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a petition under 28 U.S.C. § 2254 is issued, the district court must make a determination as to whether a certificate of appealability should issue. *See* 3d Cir. L.A.R. 22.2 A certificate of appealability should issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S.Ct. 1595 (2000) (internal citations and quotations omitted). Because reasonable jurists would not debate the disposition of the instant habeas Petition, a certificate of appealability will not issue.

    An appropriate order follows.

November 13, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge